UNITED STATES
DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-CR-00243 (JRT-ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>)<br>)<br>)<br>)<br>v.  )<br>)<br>Eric Troy Ballard, Jr. (6)  )<br>)<br>Defendant.  ) | **MR. BALLARD'S<br>MEMORANDUM<br>RELATING TO SENTENCING** |

___

Eric Ballard knows that he is going to federal prison for his crimes. His mother knows it; his father knows it; as does his extended family and community supporters.[1] In fact, he has already spent more than two and a half years in federal custody for his crimes. The only question before the Court is how much *more* time does the federal government need to imprison him "to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]."

The Guidelines, which are accurately calculated in the PSR (¶ 130), suggest that 78-97 months would be sufficient. But, as the Court knows, the Guidelines are advisory. For the following reasons, Mr. Ballard asks the Court to sentence him to 50 months.

For starters, seventy months would be a Guideline sentence but for a conviction for Fifth-Degree Assault stemming from a fight at his school that happened shortly after

___

[1] Letters of support from family members and community supporters will be filed separately.

1

Mr. Ballard turned 14 years old. (PSR ¶66). It is *solely* because of this school-fight that Mr. Ballard falls into Category II and therefore his "criminal history category substantially over-represents the seriousness of the defendant's criminal history." (USSG §4A1.3(b)(1)).

Further, Mr. Williams and Mr. Walker—the only two other members of the conspiracy that pleaded guilty only to Count I of the indictment—received a sentence of 56 months and 110 months, respectively. Both of those defendants had a criminal history category of IV (Dock. # 389; Dock. #313) as opposed to a Category II for Mr. Ballard. Sentencing Mr. Ballard to a sentence *greater* than 56 months would create an unreasonable disparity. (18 U.S.C. § 3553(a)(6)).

The Court should also sentence Mr. Ballard 50 months because this would be the longest criminal penalty Mr. Ballard has experienced. As noted by the PSR writer, "[p]rior to his arrest for the instant offense, he served very little time in custody due to his status as a juvenile . . . ." (PSR ¶149). 18 U.S.C. § 3553 encourages the Court to consider incremental punishment.[2]

The principles of incremental punishment are even more applicable given that Mr. Ballard served much of his pre-trial detention during the COVID pandemic, which resulted in many, many, hours of isolation, the cessation of most jail programming, and the constant exposure to new pretrial detainees brought to the jail facility by state and

---

[2] The "principle of incremental punishment" is a proper consideration for the district court under 18 U.S.C. § 3553. *See, United States* v. *Elodio-Benitez*, 672 F.3d 584 (8th Cir. 2012).

federal agencies.[3]

Finally, the Court should consider a departure to a 50-month sentence for the reasons set forth in the mitigation report prepared by Ms. Katie Benson (filed separately). That report, the PSR itself, and Magistrate Judge Bowbeer's February 24, 2022, Order on the Motion to Determine Competency (Dock. No. 373) underscore that the Court should depart under USSG §5H1.3.[4]

For the reasons stated here and for those to be made at the time of sentencing, Mr. Ballard respectfully ask that the Court sentence him to 50 months.[5]

Dated: July 22, 2023                              Respectfully submitted,

/s/ A.L. Brown

A. L. Brown (# 331909)
**Capitol City Law Group, LLC**
**The Allen Building**
287 East Sixth Street, Suite 20
Saint Paul, Minnesota 55101
Telephone (651) 705-8580
Facsimile (651) 705-8581
E-Mail: A.L.Brown@cclawg.com

**ATTORNEY FOR MR. BALLARD**

---

[3] *United States* v. *Fiorito*, 2010 WL 1507645, at *39 (D. Minn. Apr. 14, 2010)(acknowledging that the defendant's extensive pre-trial detainment in the, "[c]ounty jail [where]. . . the conditions at the jail are harsher than the conditions at a typical federal prison. The Court will give weight to this fact when deciding on Fiorito's sentence.").
[4] The undersigned hesitates to write in-depth on this basis for a departure due to the very sensitive nature of the facts supporting the argument. He will rely on the PSR, the mitigation report, and the competency order at the time of sentencing.
[5] Mr. Ballard request a designation for the FCI Oxford, where is father is currently incarcerated.

3